People v Hernandez (2025 NY Slip Op 01400)

People v Hernandez

2025 NY Slip Op 01400

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-08028

[*1]The People of the State of New York, respondent, 
v
Antonio Hernandez, appellant.

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated August 29, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][a]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 100 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factor 14 and the denial of his application for a downward departure.
The defendant's contention that he was improperly assessed 15 points under risk factor 14 is academic since, even if 15 points were subtracted from his risk level score, his point total would remain within the range of a presumptive risk level two designation (see People v Jimenez, 231 AD3d 975, 975).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Cousin, 209 AD3d 1047, 1048, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Samuels, 199 AD3d 1034, 1035). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Claros-Zelayandia, 217 AD3d at 788; see People v Morris, 219 AD3d 847, 848).
Here, the defendant failed to demonstrate the existence of a mitigating factor not adequately taken into account by the Guidelines that would warrant a downward departure (see People v Gillotti, 23 NY3d 841, 857). Further, while a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional" [*2](People v Sanchez, 231 AD3d 876, 878 [internal quotation marks omitted]; see People v Davidson, 232 AD3d 913, 914-915), the defendant failed to demonstrate by a preponderance of the evidence that his "'response to treatment, while positive, was exceptional'" (People v Simms, 232 AD3d 815, 816 [internal quotation marks omitted], quoting People v Smith, 194 AD3d 767, 768).
Contrary to the defendant's contention, his young age at the time of the offense was actually an aggravating factor, rather than a mitigating factor (see Guidelines at 13; People v Davis, 231 AD3d 873, 874; People v Alleyne, 212 AD3d 660, 662).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated him a level two sex offender.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court